UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Hector Hernandez,

        Plaintiff

v.

State Farm Mutual Automobile Insurance Co.,

        Defendant

Case No. 2:23-cv-00859-CDS-BNW

**Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment**

[ECF No. 29]

      Plaintiff Hector Hernandez brings this action against defendant State Farm Mutual Automobile Insurance Company alleging claims of (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, and (4) liability under Nevada's Unfair Claims Practices Act. Compl., ECF No. 1-1 at 5–7. State Farm removed this action from the Eighth Judicial District Court of Clark County, Nevada on June 1, 2023. Pet. for removal, ECF No. 1. On August 23, 2024, State Farm filed its motion for summary judgment. Mot. for summ. j., ECF No. 29.[1] Hernandez filed his response on September 11, 2024, and State Farm replied on September 25, 2024. Opp'n, ECF No. 32; Reply, ECF No. 34.[2] For the reasons herein I grant in part and deny in part State Farm's motion for summary judgment.

---

[1] When filing its motion, State Farm incorrectly attached exhibits A, B, and G to its motion. An errata to its motion for summary judgment was filed with the corrected versions of the exhibits attached. Errata, ECF No. 30.

[2] In his response, Hernandez lodges evidentiary objections related to State Farm's Exhibit B, which is titled as a "Medical Record Review and Rule 35 Examination." ECF No. 32 at 10; *see* Def.'s Ex. B, ECF No. 30-2. I did not rely on this evidence in reaching my decision. Therefore I need not and do not rule on these evidentiary objections. *See Bd. of Trs. of the Painters & Floorcoverers Joint Comm. v. Olympus & Assocs.*, 2021 U.S. Dist. LEXIS 25416, at *12 n.50 (D. Nev. Feb 10, 2021) (declining to rule on evidentiary objections that were not relied on in reaching a decision).

I.      Background[3]

Hernandez's allegations arise from his claims for underinsured motorist coverage (UIM), following a car accident that occurred on January 28, 2021. ECF No. 1-1 at 2. On January 28, non-party Samantha Burt negligently caused a crash between herself and Hernandez from which Hernandez sustained injuries. *Id.* at 3. Burt had liability insurance and her insurer ultimately tendered the policy limit of $25,000.00 to Hernandez in exchange for a release of all injury claims against Burt. *Id.*; *see also* Pl's. Ex. 2, Auto Claim File, ECF No. 32-3 at 34; Pl's. Ex. 3, ECF No. 32-3 at 162.

It is undisputed that at the time of the accident, Hernandez was covered by a State Farm insurance policy. *See* Policy, Def.'s Ex. E, Policy, ECF No. 29-5. The insurance policy provided UIM coverage with a limit of $100,000.00 per person. *Id.* When an adverse driver does not have enough insurance to pay for injuries or damages due to an accident they caused, they are referred to as an "Underinsured Motorist." *See id.* at 4. Under Hernandez's insurance policy, State Farm agreed to pay for compensatory damages for bodily injury that was caused by an Underinsured Motorist. *Id.* at 4–5. Hernandez alleges that his medical specials resulting from the car accident total $50,288.98 and that his doctor recommended that he undergo a lumbar spinal cord stimulator trial, which costs $77,800.00. ECF No. 1-1 at 4, ¶ 23.

On October 21, 2021, Hernandez sent a demand letter to State Farm requesting the amount of his policy limit, $100,000, and attached all his relevant medical billing. *Id.* at ¶ 24. State Farm acknowledged receipt of Hernandez's demand on October 29, 2021, and requested Hernandez's prior records to further evaluate the claim. *Id.* ¶ 25. On June 15, 2022, Hernandez sent a supplemental policy-limit demand to State Farm. *Id.* at ¶ 26; *see also* ECF No. 32-3 at 152. Finally, on June 28, 2022, State Farm offered Hernandez $29,000 to settle his claim. *Id.*; *see also* ECF No. 32-3 at 151. Hernandez alleges that the offer of $29,000 in compensation for the

---

[3] Unless otherwise noted, the court only cites to the plaintiff's complaint (ECF No. 1-1) to provide context to the pending motion, not to indicate a finding of fact.

$50,288.98 in documented damages, and at least $78,000 in future damages, demonstrates that State Farm has declined to use reasonable efforts to settle this claim under the insurance contract. *Id.* at ¶ 28.

## II.     Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

## III.    Discussion

### A.  State Farm is entitled to summary judgment on Hernandez's breach of contract claim.

Hernandez alleges that State Farm breached the insurance contract by failing to pay the full value of his claim. ECF No. 1-1 at 5. In its motion for summary judgment, State Farm argues that the breach of contract claim fails as a matter of law because Hernandez cannot show it breached the insurance contract. ECF No. 29 at 9. According to State Farm, the terms of the

insurance policy do not require State Farm to pay the precise amount that an insured demands under the policy. *Id.* State Farm claims that it was well within the policy's terms when it investigated and evaluated Hernandez's claims and ultimately made an offer in settlement. *Id.* at 9–10. Further, the policy allows State Farm to evaluate and pay for damages under UIM coverage that have not already been paid as expenses under coverage of any other policy or similar vehicle insurance. *Id.* at 10. Hernandez was compensated by Burt's insurance in the amount of $25,000 and State Farm was not required to include that number in its own analysis. *Id.* State Farm explains that it did not value Hernandez UIM claim in the amount Hernandez demanded because Hernandez's medical records clearly show that he had been suffering from ongoing spine pain that started *prior* to the accident. *Id.* Based on its analysis and taking into account the $25,000 that Burt's insurance paid him, State Farm felt $29,000 was the appropriate amount for the claim. *Id.*

In response, Hernandez argues that his breach of contract claim must survive because the question at issue—the value of his UIM claim—is a question of fact for the jury to decide. ECF No. 32 at 12. Hernandez also argues that the insurance contract is devoid of any language that allows State Farm to pay less than its evaluation or to unilaterally discount or decline to consider his medical special damages and pain and suffering. *Id.* at 13. Specifically, Hernandez argues that at trial he would present evidence that he provided State Farm with a medical expert's opinion that he needs a spinal cord stimulator, which State Farm declined to consider when evaluating his claim. *Id.* at 15. Hernandez also argues that at trial he will present evidence that State Farm failed to pay him the total amount of compensatory damages it assessed it owed him, including paying Hernandez less than the amount of general damages State Farm assessed it owed him. *Id.* Despite State Farm's evaluation that Hernandez's general damages were $6,000 to $10,000, they only offered him $5,237.65 in general damages. *Id.* (adding the $25,000 Hernandez received from Burt with the $29,000 that State Farm offered Hernandez and subtracting the $48,763.25 in medical specials damages to equal $5,237.65); *see* Claim file

4

excerpts, Def.'s Ex. 2, ECF No. 32-3 at 126 ("Generals $6k-$10k for cervical & lumbar exacerbation which required MBB & epidural steroid injections 8/31/21). Last, Hernandez argues that trial would show State Farm only offered to pay him $29,000 despite evaluating his claim at $33,762.35 and noting his medical specials exceeded forty percent of the UIM policy. ECF No. 32 at 15; *see* ECF No. 32-3 at 34, 46 ("granted [settlement] authority up to $33,762.35," and "Submitted Medical Bills total 40% or more of the individual policy limit").

In its reply, State Farm argues again that Hernandez has not identified any material fact that is in dispute to support his argument that State Farm allegedly breached the contract of insurance. ECF No. 34 at 5. It also argues that Hernandez's statement that he is going to obtain a spinal cord stimulator is contrary to his "sworn testimony that he has no intention of obtaining the treatment." *Id.*; *see also* Hernandez dep., ECF No. 34-1 at 3:24–25 (when asked if he had any plans to get the spinal cord stimulator, Hernandez said "no, no.").

I find that State Farm is entitled to summary judgment on the breach of contract claim. "Nevada treats insurance policies like other contracts, and thus legal principles applicable to contracts are generally applicable to insurance policies." *Las Vegas Sands, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2024 U.S. Dist LEXIS 171950, at *6 (D. Nev. Sept. 23, 2024) (citing *Century Sur. Co. v. Andrew*, 432 P.3d 180, 183 (Nev. 2018). Nevada Law requires a breach of contract claimant to show (1) the existence of a valid contract, (2) performance by the plaintiff, (3) material breach by the defendant, and (4) damages. *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhil Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987)). Here, Hernandez is arguing that State Farm breached its insurance contract by failing to properly value his claim and for failing to consider the future damages for the spinal cord stimulator. However, Hernandez does not point to anywhere in the policy that states that

State Farm must pay an insured the amount that the insured believes the claim is worth. A review of the policy confirms that State Farm is under no such duty. The relevant provision at issue states:

> Deciding Fault and Amount
>
> 1. a. The *insured* and *[State Farm]* must agree to the answers to the following two questions:
>
>    (1) Is the *insured* legally entitled to re- cover compensatory damages from the owner or driver of the *uninsured motor vehicle*?
>
>    (2) If the *insured* and **[State Farm]** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*?
>
>    b. If there is no agreement on the answer to either question in 1.a. above, then:
>    . . .
>
>    (2) if the amount in issue exceeds $50,000 or if there is no agreement after submission to nonbinding arbitration, the *insured* shall:
>
>    (a) file a lawsuit, in a state or federal court that has jurisdiction, against:
>
>    (i) us;

Policy, Def.'s Ex. E, ECF No. 29-5 at 19 (emphasis in original). Thus, the policy language itself sets forth what to do if there is a disagreement regarding the amount of compensatory damages State Farm was required to pay. Stated otherwise, State Farm was under no such duty to pay Hernandez the full value that he believed the claim was worth, Hernandez cannot demonstrate any genuine issue of material fact as to a material breach of the contract. Therefore I grant State Farm's motion for summary judgment as to the breach of contract claim.

### B. Summary judgment is not warranted for Hernandez's breach of good faith and fair dealing claim.

Hernandez alleges that State Farm contractually and tortiously breached the implied covenant of good faith and fair dealing that exists in every contract. ECF No. 1-1 at 5–6. In its

1  motion to dismiss, State Farm argues that it is entitled to summary judgment on both breach of
2  the implied covenant of good faith claims because Hernandez's breach of contract claim fails,
3  and that Nevada law requires that a claimant alleging bad faith show (1) an insurer's
4  denial/refusal to pay an insured's claims, (2) without any reasonable basis, and (3) the insurer's
5  knowledge or awareness of the lack of any reasonable basis to deny coverage, or the insurer's
6  reckless disregard as to the unreasonableness of the denial, and Hernandez cannot demonstrate
7  that State Farm denied the claim, nor that it had no reasonable basis for doing so. ECF No. 29 at
8  11–12 (citing *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1095 (D. Nev. 2006)
9  (citing *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1247 (Nev. 1975))). In support of his
10 contractual breach of the implied covenant of good faith and fair dealing claim, Hernandez
11 argues that by its very definition, a breach of the covenant of good faith and fair dealing can exist
12 without a breach of the contract. ECF No. 32 at 15. He then argues that there is case law from
13 the Supreme Court of Nevada that supports finding that not all claims against insurance
14 companies must be premised on bad faith and that there can be a contractual breach of covenant
15 of good faith and fair dealing in the insurer-insured context. *Id.* at 16 (discussing *Hilton Hotels*
16 *Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–923 (1991)). Hernandez also argues that whether
17 State Farm beached the contractual covenant of good faith and fair dealing is a question of fact
18 that should be left for the jury to decide because Hernandez contends that the evidence will
19 show that (1) State Farm delayed paying his claim, which allowed three time-limited policy limit
20 demands to lapse; (2) State Farm paid him less money than the settlement amount authorized
21 and less than the general damages it evaluated; and (3) State Farm conducted a biased
22 investigation by substituting its own layperson's knowledge and declining to consider a doctor's
23 recommended treatment, and ignoring that Hernandez had little low back pain and no shoulder
24 pain before the accident while using his prior back surgery and former occupation as pretexts
25 for reducing the amount of benefits he received. *Id.* at 16–17.
26

As to the tortious breach of implied covenant, Hernandez argues that the tort of bad faith is not limited to cases involving unreasonable denial or delay in payment of valid claims and that this court has previously found a question of fact existed as to the reasonableness of State Farm's actions when, among other things, it offered substantially less in UIM benefits than it was authorized. *Id.* at 20 (citing *Wunderlich v. State Farm Mut. Auto Ins. Co.*, 2023 WL 6512613, at *6 (D. Nev. Oct. 5, 2023). Hernandez also argues that there is substantial evidence that supports his bad faith claim and that "the reasonableness of an insurer's conduct is ordinarily a question of fact." ECF No. 32 at 20 (citing *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002). Therefore, this claim cannot be decided on summary judgment.

In its reply, State Farm reiterates that, for both bad faith claims, Hernandez cannot point to anything in the record that shows mishandling or bad faith on State Farm's part and that Hernandez has not provided the court with any material fact remaining in dispute for either claim. ECF No. 34 at 6.

I agree that Hernandez's claim of contractual beach of covenant of good faith and fair dealing is not precluded by a finding that there is no breach of contract. The Supreme Court of Nevada has explained that "where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp.*, 808 P.2d at 922–23 (Nev. 1991); *see also A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9 (Nev. 1989) (first recognizing an action for breach of the implied covenant of good faith and fair dealing). Thus, under the Supreme Court of Nevada's formulation, a breach of the implied covenant of good faith and fair dealing does not require breach of the terms of the contract. *See also Young v. Mercury Cas. Co*, 2010 U.S. Dist. LEXIS 83039, at *2 (D. Nev. July 8, 2010) (reiterating that the Supreme Court of Nevada has held that even when a contract has not been breached a plaintiff may be able to recover for breach of the implied covenant of good faith and fair dealing).

   Further, I find that there is a genuine issue of material fact as to whether State Farm breached the covenant of good faith and fair dealing. I agree that there can be a contractual breach of covenant claim that is not necessarily a claim of bad faith. *See Luna v. State Farm Mut. Auto. Ins. Co.*, 2016 WL 1595352, at *2–3 (D. Nev. Apr. 20, 2016) (analyzing a contractual breach of covenant claim separate from a claim of bad faith). Further, given that the policy claim file demonstrates that (1) the general damages were valued between $6,000 and $10,000 and Hernandez says he was offered less than $6,000 and (2) the State Farm representative authorized a settlement number that was higher than the offer of $29,000 that Hernandez received, a reasonable juror could find that State Farm acted in a way that deliberately contravenes the spirit of the contract. *See* Claim File Excerpts, Pl.'s Ex 2, ECF No. 32-3 at 34, 126 (authorizing settlement up to $33,762.35 and evaluating generals as "$6K–$10k for cervical & lumbar exacerbation")

   I also agree that the tort of bad faith is not limited to cases involving unreasonable denial or delay, and an insurance company can be found to have acted in bad faith when disputing how much UIM coverage to provide an insured. *See Wunderlich*, 2023 WL 6512613, at *6 (finding a genuine issue of material fact as to whether defendant insurer's actions were done in bad faith when it valued a UIM claim as less than what plaintiff believed the claim to be). For the same reasons stated above, I find that there is a genuine issue of material fact as to whether State Farm acted in bad faith in valuing Hernandez's claim as it did. Therefore summary judgment is denied as to both the contractual and tortious breaches of the covenant of good faith and fair dealing.

  **C. Summary judgment is not warranted for Hernandez's Nevada Unfair Claims Practices Act claim.**

   Hernandez also alleges that State Farm violated Nevada's Unfair Claims Practices Act because "at the time that Plaintiff's demands in connection with the Collision were made, Defendant's liability to Plaintiff was reasonably clear because the UIM exposure substantially exceeded the value of their documented medical treatment net of the defendant driver's liability

insurance coverage" and therefore State Farm failed to effectuate a prompt, fair, and equitable settlement of Hernandez's claim. ECF No. 1-1 at 7. Hernandez's complaint further alleges that the violation of the Unfair Claims Practices Act was done with the prior knowledge or permission of an officer, director, or department head but that he cannot identify this person without discovery. *Id.* In its motion for summary judgment, State Farm argues that Hernandez has not provided any facts that support the argument that it failed to "effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." ECF No. 29 at 18. State Farm further argues that the undisputed facts show that State Farm regularly corresponded with Hernandez's counsel, requested additional information necessary to process and evaluate his claims and responded promptly to the notice of a potential claim for UIM benefits. *Id.* State Farm also argues that Hernandez did not put forth any evidence demonstrating that the liability for his alleged accident-related damages had become clear or that Hernandez's value of the damages is related to the January 2021 accident. *Id.* at 19. In response, Hernandez argues that State Farm failed to effectuate "fair and equitable settlement" because it has not paid Hernandez all the benefits State Farm agrees it owes to Hernandez based on State Farm's own evaluation. ECF No. 32 at 22. Hernandez also argues that even if $29,000 were a reasonable settlement, State Farm still failed to effectuate a prompt settlement because State Farm waited seven months and nineteen days after it knew Burt had only $25,000 in liability benefits and that Hernandez had submitted past medical special damages in an amount of excess of forty percent of his $100,000 in UIM policy benefits. *Id.* at 22 (citing) ECF No. 32-3 at 46 ("Submitted Medical Bills total 40% or more of the individual policy limit"). In its reply, State Farm reiterates that it did not violate the Nevada's Unfair Claims Practice Act and that the UIM benefits were forwarded "when it became clear that State Farm and Mr. Hernandez were at an impasse after Mr. Hernandez filed suit." ECF No. 34.

Nevada's Unfair Trade Practices statute enumerates activities that are deemed an unfair practice. *See* Nev. Rev. Stat. § 686A.310. At issue here is Nev. Rev. Stat. § 686A.310(e) which states that it is an unfair practice to "[fail] to effectuate prompt, fair, and equitable settlements of claims in which liability of the insurer has become reasonable clear." Hernandez argues that the settlement was not prompt because he provided State Farm with all his medical records on October 21, 2021, and State Farm waited seven months and nineteen days to offer a settlement. *See* Oct. 21, 2021, demand letter, ECF No. 32-3 at 153; Settlement letter, ECF No. 32-3 at 151 (June 28, 2022, letter offering settlement of $29,000). However, Hernandez omits the fact that eight days after he sent the October 21 demand letter, on October 29, 2021, State Farm responded and requested Hernandez's "complete medical records for the three years prior to this loss[.]" Def.'s Ex. F, Letter, ECF No. 29-6 at 8. According to the pleadings, Hernandez did not respond to that letter until June 15, 2022. Pl.'s Ex. 2, ECF No. 32-3 at 152 (June 15, 2022, demand letter). Thus, any delay in the settlement offer was largely due to Hernandez's failure to respond to the October 29, 2021, request and it cannot be said that the settlement offer was not prompt. However, Hernandez also argues that the settlement was neither fair nor equitable because he was not given the amount he required. ECF No. 32 at 22. Although it is a close call, a jury is best suited to resolve the question of whether State Farm's settlement offer was fair and whether State Farm violated the Unfair Claims Practices Act. *See Wunderlich*, 2023 WL 6512613, at *7 (explaining that when there are disputed facts related to whether a settlement offer was "prompt, fair, and equitable," a jury is best suited to resolve the question of whether a party violated the Unfair Claims Practices Act). Therefore, based on the arguments before the court, I deny State Farm's motion for summary judgment as to this claim.

**D. State Farm is entitled to summary judgment on the question of punitive damages.**

Hernandez's complaint requests punitive damages. ECF No. 1-1 at 7. In its motion for summary judgment, State Farm argues that Hernandez fails to provide any evidence that State Farm is "guilty of oppression, fraud, or malice" which, if pled, would sustain a request for

11

punitive damages. ECF No. 29 at 20 (citing Nev. Rev. Stat. § 42.005(1)). In response, Hernandez argues that because State Farm delayed providing Hernandez a settlement offer and ultimately provided him a settlement offer that was less than the amount it was authorized to settle with, a jury could reasonably conclude that State Farm acted with oppression or implied malice. ECF No. 32 at 24. In its reply, State Farm reiterates that Hernandez has failed to demonstrate or offer any factual basis for a finding of oppression, fraud, or malice on the part of State Farm. ECF No. 34 at 8.

Under Nevada law, punitive damages are only awarded "when the plaintiff proves by clear and convincing evidence that the defendant is 'guilty of oppression, fraud or malice, express or implied.'" *Bongiovi v. Sullivan*, 138 P.3d 433, 450 (Nev. 2006). In Nevada, a district court "has discretion to determine whether the defendant's conduct merits punitive damages as a matter of law." *Id.* at 451. Nevada authorizes an award of punitive damages "for the breach of an obligation not arising from contract, where . . . the defendant has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005(1). Nevada law defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person," *id.* at § 42.001(4); "fraud" as "an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person," *id.* at § 42.001(2); and "malice, express or implied" as "conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others," *id.* at § 42.001(3). The Supreme Court of Nevada has further defined oppression as "a conscious disregard for the rights of others which constitutes an act of subjecting plaintiffs to cruel and unjust hardship." *See, e.g., Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267 (Nev. 1996). Although punitive damages are not generally available for breach of contract claims, *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 263 (Nev. 1997), the Supreme Court of Nevada has upheld an award of punitive damages in a case where an insurance company acted in bad faith in

processing a UIM claim, *see Guar. Nat. Ins. Co.*, 912 P.2d at 273. The Supreme Court of Nevada held that the insurer's actions were "willful, intentional and done in reckless disregard of the consequence" to the plaintiffs. *Guar. Nat. Ins. Co.*, 912 P.2d at 273.

Here, the record lacks sufficient evidence upon which a reasonable jury could find that Hernandez is entitled to punitive damages. The record reflects that there is a dispute as to the value of Hernandez's claim. Although there are questions about the basis for this dispute, there is still insufficient evidence to demonstrate State Farm acted with oppression, fraud, or malice. *See Wunderlich*, 2023 WL 6512613, at *8 (finding that a dispute in the value of a settlement offer is not enough on its own to demonstrate oppression, fraud, or malice); *see United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 198 (Nev. 1989) (in Nevada, "[t]o recover punitive damages, plaintiff must also show evidence of 'oppression, fraud, or malice, express or implied.'"). Accordingly, I grant State Farm's motion for summary judgment on the punitive damages question.

IV. Conclusion

IT IS THEREFORE ORDERED that State Farm's motion for summary judgment [ECF No. 29] is GRANTED in part and DENIED in part, as set forth in this order.

IT IS FURTHER ORDERED that the parties are directed to a settlement conference before the assigned magistrate judge. LR 16-5. Should settlement be unsuccessful, within thirty days of its conclusion, and pursuant to Fed. R. Civ. P. 56(e)(1), the parties must provide supplemental briefing addressing Nev. Rev. Stat. § 686A.270 and whether State Farm is entitled to summary judgment on the Nevada Unfair Claims Practices Act given that the pleadings currently before the court are devoid of any facts demonstrating that State Farms actions were done "with the prior knowledge or permission of an officer, director or department head."

Dated: January 30, 2025

_____
Cristina D. Silva
United States District Judge